CHASE *vs.* GLENN,—June, 1827.

An appeal does not lie from the refusal of the county court, on the motion of an insolvent debtor, to grant a rule on the trustee of such insolvent, who had given the usual bond, requiring him to show cause why his appointment should not be revoked.

APPEAL from *Anne-Arundel* County Court.   By the record it appeared, that at April term 1822, *Samuel Chase,* (the appellant,) exhibited his petition to *Anne-Arundel* county court, praying for the benefit of the insolvent laws, stating that he was in actual confinement, &c.   A schedule of his property, and a list of his creditors, on oath, accompanied his petition. The petitioner being brought before the court by the sheriff, took the oath required by law, and obtained a personal discharge, and was ordered to appear before the court at the next October term.   He appeared at October term 1822; and he was further ordered to appear before the court at the next April term.   At April term 1823 he again appeared, and the court directed that he cause notice be inserted in one of the public newspapers printed in *Annapolis,* once a week for three months, before the next October term, notifying his creditors to appear then before the court for the purpose of recommending a trustee for their benefit, and to show cause, if any, why the said *Chase* should not have the benefit of the insolvent laws.   At an adjournment of April term, held in June 1823, certain of the creditors of *Chase* filed in court their recommendation in writing, of *Elias Glenn,* (the appellee,) to be appointed trustee for the benefit of the creditors of *Chase.*   Which appointment the court accordingly made; and ordered *Glenn,* the trustee, to enter into bond to the state for the use of the creditors of *Chase,* in $50,000, conditioned, in the usual form.   Which bond *Glenn* entered into, with one security, on the 23d of June 1823.   At October term 1823, *Chase* moved the court for a rule on *Glenn* to show cause, by the next April term, if any he had, why his appointment should not be set aside and revoked by the court.   At April term 1824 the court overruled this motion.   From which decision of the court *Chase* appealed to this court.

The cause came on for argument before BUCHANAN, Ch. J. and MARTIN, STEPHEN, and ARCHER, J. when

*Meredith*, for the Appellee, moved the court to dismiss the appeal, as not being a case where an appeal would lie to this court.

THE COURT. We must dismiss the appeal. This court has no jurisdiction of the case.

APPEAL DISMISSED.